# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

TINA MCGARITY,

                    Plaintiff,

     v.

                              Case No. 3:23-cv-212-TCB

DEFENDANTS SANOFI U.S. SERVICES
INC., AND
SANOFI-AVENTIS U.S. L.L.C.
                   Defendants.

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

Pursuant to the Court's order (Doc. 9), the parties met and conferred on November 28, 2023, and now submit this Joint Preliminary Report and Discovery Plan.

1.      **DESCRIPTION OF THE CASE:**

      **(a)**      **Describe briefly the nature of this action.**

This products-liability case was, until recently, one of more than 10,000 pending in the Eastern District of Louisiana as part of *In re: Taxotere (Docetaxel) Products Liability Litigation*, MDL 2740. The suit arises out of Plaintiff's use of, and alleged injury from, Taxotere, a chemotherapy drug manufactured by Defendants Sanofi U.S. Services Inc. and sanofi-aventis U.S. L.L.C. ("Sanofi"). Although Plaintiff asserts a variety of claims, the gravamen of the action relates to Sanofi's alleged failure to adequately warn Plaintiff that Taxotere can cause permanent hair loss.

      **(b)**      **Summarize the facts of the case.**

Plaintiff alleges that she was prescribed Taxotere to treat her breast cancer from August 5, 2008, to September 16, 2008, and that as a result of this treatment she suffered permanent hair loss. She alleges that Sanofi was aware that Taxotere had the potential to cause permanent hair

loss but failed to adequately warn her or the healthcare providers who prescribed and administered the drug.

Sanofi disputes Plaintiff's claims. Sanofi contends that the Taxotere label was approved by the FDA and has always contained accurate, science-based information enabling doctors to make informed decisions about the benefits and risks of prescribing Taxotere within its approved indication.

(c)    **Procedural history.**

On October 4, 2016, pursuant to 28 U.S.C. § 1407, the Judicial Panel on Multidistrict Litigation ("JPML") created *In re: Taxotere (Docetaxel) Products Liability Litigation,* MDL 2740, in the United States District Court, Eastern District of Louisiana, to coordinate pretrial discovery among thousands of individually filed product liability actions against manufacturers of the chemotherapy drug docetaxel, including Sanofi, which manufactures the drug under the brand-name Taxotere. The MDL is pending before the Honorable Jane Triche Milazzo. Since that time, more than 15,000 lawsuits have been filed in the MDL against a number of defendants, and more than 10,000 cases are currently still pending in that Court, including approximately 6,000 naming only Sanofi.

On May 12, 2023, the MDL Court found that the "purposes behind consolidation [had] been served," and transferred 81 "Wave 1" cases to "the appropriate district courts" in accordance with 28 U.S.C. § 1404, including several in the Northern District of Georgia. *See In re Taxotere (Docetaxel) Prod. Liab. Litig.*, No. 2:16-md-02740, Doc. 15836, at 1–2 (E.D. La. May 12, 2023).

More recently, the MDL Court has started another wave of remands, resulting in the transfer of 34 cases to district courts in Georgia, including this case. Although a substantial number

of these cases have since settled, many remain pending. A list of the cases pending in this district is provided in ¶ 1(e) of this report.

**(d)      The legal issues to be tried are as follows.**

Key legal issues remaining in this case include

- whether Plaintiff's claims are barred by the statute of limitations
- whether Plaintiff's claims are barred by the statute of repose
- whether Plaintiff's claims are barred by the "learned intermediary doctrine."
- whether Taxotere causes permanent hair loss (general causation);
- whether Taxotere caused Plaintiff's injury (specific causation);
- whether the warning on Taxotere's labeling was sufficient given the risks;
- whether Plaintiff would still have taken Taxotere even with a warning that fully disclosed the risk of permanent hair loss; and
- the amount of damages due, if any.

**(e)      The cases listed below are related.**

(1)      Pending Related Cases

Not including those cases in which the parties have filed a notice of settlement, the following Taxotere (docetaxel) cases remain pending in the Northern District of Georgia: *Armond v. Sanofi*, 1:23-cv-02346-SCJ; *Ayers v. Sanofi*, 1:23-cv-02347-SEG; *Benton v. Sanofi*, 3:23-cv-00205-TCB; *Gentry v. Sanofi*, 1:23-cv-05023-VMC; *Gilman v. Sanofi*, 1:23-cv-05086-SCJ; *Jenkins v. Sanofi*, 1:23-cv-05112-MHC; *Lantz v. Sanofi*, 1:23-cv-05148-MHC; *McGarity v. Sanofi*, 3:23-cv-00212-TCB; *Nail v. Sanofi*, 2:23-cv-00244-SJC; *Perez v. Sanofi*, 1:23-cv-05176-LMM; *Quarles v. Sanofi*, 4:23-cv-00263-WMR; *Washington v. Sanofi*, 4:23-cv-00270-WMR.

A full list of the cases included in the MDL Court's most recent remand wave is included in the Court's Transfer Order. *See* Doc. 7 ("Transfer Order")[1]

---

[1]    The Court's Transfer Order attaches a list of the cases remanded pursuant to the order as well as a copy of Case Management Order No. 39, which traces the history of the litigation and summarizes some of the MDL Court's major rulings. Citations to the order in this Status Report

(2)      Previously Adjudicated Related Cases

No cases in this district have been adjudicated, but many cases have been adjudicated during the MDL litigation or in the District Courts on remand/transfer. Listing all of them here would be impractical, but a summary of the decisions related to the statute of limitations—an issue likely to be the subject of an early motion by Sanofi—is outlined below.

In these consolidated actions, as part of an approved "bellwether" trial process, the courts permitted Defendants to move for judgment against 239 individual plaintiffs based on the applicable statute of limitations under Louisiana (one-year limitations period), Mississippi (three-year limitations period), and, as is relevant here, New Jersey law (two-year limitations period).[2] Defendants filed four motions for summary judgment in a New Jersey "Multi County Litigation," and, in the federal MDL, moved for summary judgment, judgment on the pleadings, or for an order to show cause against the other 235 plaintiffs.[3]

Defendants prevailed 237 times.[4] In the only four cases addressing the statute of limitations on appeal, the Fifth Circuit has affirmed.  *See In re Taxotere (Docetaxel) Prods. Liab. Litig.*

_____

refer to the continuously paginated document as a whole according to the page numbers at the bottom of the document.

[2]      Under Louisiana law, the statute-of-limitations period is referred to as the period of "prescription."  *In re Taxotere (Docetaxel) Prods. Liab. Litig. (Johnson)*, 2019 WL 2995897, at *2 (E.D. La. July 9, 2019) *aff'd*, 995 F.3d 384 (5th Cir. 2021).

[3]      The MDL court's summary of these rulings is described in its Transfer Order remanding this case and many others back to their respective district courts.  Transfer Order at 95–99 of 126.

[4]      *See Adams v. Sanofi U.S. Services Inc.*, 2023 WL 4084975, at *1 (N.J. Super. Ct. Law Div. June 8, 2023) (granting Sanofi's motion against plaintiff Adams and attaching memorandum and opinion dismissing claims of four plaintiffs—Adams, King, Linton, and Massey—under New Jersey law); *Johnson*, 2019 WL 2995897, at *3–4 (granting Sanofi's motion as to plaintiffs Francis and Johnson under Louisiana law); *In re Taxotere (Docetaxel) Prods. Liab. Litig. (Thibodeaux)*, 2020 WL 8257755, at *1 (E.D. La. Jan. 23, 2020), *aff'd*, 995 F.3d 384 (5th Cir. 2021) (granting Sanofi's motion under Louisiana law); *In re Taxotere (Docetaxel) Prods. Liab. Litig. (Sanford)*, 2020 WL 4038971, at *1 (E.D. La. July 17, 2020) (granting

("*Thibodeaux*"), 995 F.3d 384 (5th Cir. 2021) (affirming dismissal of Ms. Francis's, Ms. Johnson's, and Ms. Thibodeaux's claims as time-barred); *see also In re Taxotere (Docetaxel) Prods. Liab. Litig.* ("*Durden*"), 860 F. App'x 886, 891–92 (5th Cir. 2021) (affirming dismissal of Ms. Durden's claims as time-barred).

## 2. THIS CASE IS COMPLEX BECAUSE IT POSSESSES ONE OR MORE OF THE FEATURES LISTED BELOW

(1)        _____  Unusually large number of parties

(2)        _____  Unusually large number of claims or defenses

(3)        _____Factual issues are exceptionally complex

(4)        _____  Greater than normal volume of evidence

(5)        _____  Extended discovery period is needed

(6)        _____  Problems locating or preserving evidence

(7)        _____  Pending parallel investigations or action by government

(8)        \_\_X\_\_Multiple use of experts

(9)        _____  Need for discovery outside United States boundaries

(10)       _____Existence of highly technical issues and proof

---

Hospira's motion under Louisiana law); *In re Taxotere (Docetaxel) Prods. Liab. Litig. (Durden)*, 2020 WL 4228375, at *1 (E.D. La. July 23, 2020) (granting Sanofi's motion under Louisiana law), *aff'd*, 860 F. App'x 886 (5th Cir. 2021); *In re Taxotere (Docetaxel) Prods. Liab. Litig. (Greer)*, 2021 WL 230243, at *1 (E.D. La. Jan. 22, 2021) (granting Sanofi's motion for judgment on the pleadings under Mississippi law); *In re Taxotere (Docetaxel) Prods. Liab. Litig. (Hughes)*, 2021 WL 6201313, at *1 (E.D. La. Apr. 28, 2021) (granting Accord's motion under Louisiana law); *In re Taxotere (Docetaxel) Prods. Liab. Litig. (Roach)*, 2021 WL 2042212, at *1 (E.D. La. May 21, 2021) (granting Sanofi's motion under Mississippi law); *In re Taxotere (Docetaxel) Prods. Liab. Litig. (Smith)*, 2021 WL 3006968, at *1 (E.D. La. July 14, 2021) (granting Sanofi's motion under Mississippi law); *In re Taxotere (Docetaxel) Prods. Liab. Litig. (Plaisance)*, 2022 WL 644166, at *1 (E.D. La. Feb. 22, 2022) (granting Hospira's motion under Louisiana law). Following the Court's decision in *Greer*, the Court dismissed 222 other cases pursuant to show-cause proceedings when Plaintiffs could not show why their cases were not time-barred for the same reasons.

(11) _____Unusually complex discovery of electronically stored information

**3.    LEAD COUNSEL:**

Plaintiff:

Defendant: Christopher Gramling.

**4.    JURISDICTION**

There are no questions regarding the Court's jurisdiction

**5.    PARTIES**

The caption as recited on the Court's docket is correct.

**6.    AMENDMENTS TO THE PLEADINGS**

Plaintiff's Second Amended Master Long-Form Complaint remains the operative pleading, together with her Short Form Complaint. *See* Transfer Order at *Id.* at 74–76.

Sanofi's position: Sanofi opposes Plaintiff's request to reopen the pleadings. Plaintiff was given an opportunity to join additional parties and amend pleadings, but she did not. As the MDL Court made clear in its Transfer Order, "[a]ll deadlines for Plaintiffs to amend their individual complaints without leave of court have passed." *Id.* at 76.

*Amendment to Add Case-Specific Facts.* Plaintiffs previously had multiple opportunities to include case-specific facts in their complaints. Plaintiff filed her Short Form Complaint on October 23, 2017. Doc. 1. General discovery against Sanofi closed on December 15, 2018. *See* Transfer Order at 80. And the Court entered Pretrial Order 105 on May 11, 2020. Doc. 6-2 (PTO 105) at 167–68.[5] Thus Pretrial Order 105 was entered more than two years after Plaintiff filed her

---

[5]    The Joint Designation of Record accompanying this case's transfer is filed in the docket at Doc. 6. An index of the documents is provided in Doc. 6 itself, while the record documents are split across multiple attachments. For instance, Doc. 6-1 includes the MDL Court's transfer orders, while Doc. 6-2 includes its pretrial orders. When citing a document in the Joint

complaint and one and a half years after the close of general discovery. Yet Ms. Plaintiff failed to make any amendments during that time. She offers no explanation for her delay in amending her complaint before Pretrial Order 105 and the related stipulation were entered.

Contrary to Ms. Jackson's assertions, the form she completed for her Short Form Complaint allowed her to provide plaintiff-specific facts and additional causes of action. *See* Doc. 1 ¶¶ 12–13. Paragraph 13 also explicitly invites Plaintiffs to assert additional theories or causes of action not included in the Master Complaint by selecting "Other" and describing them in the text box.

Sanofi additionally disagrees with Ms. Jackson's characterization of Pretrial Order 105. That Order expressly permitted Plaintiffs to "amend their complaints to add factual allegations regarding particularized facts individual and specific to each Plaintiff's medical care and treatment and/or that Plaintiff's communications with medical professionals," but it also set a deadline for doing so of January 15, 2021. Doc. 6-2 (PTO 105) at 161; Doc. 6-2 (Stip. Regarding Pretrial Order 105) at 169. Plaintiff failed to meet this deadline and offers no explanation for their failure to do so.

*Amendment to the Definition of the Alleged Injury.* Further amendments to Plaintiff's complaints, especially with regard to the definition of their alleged injury, would negate much of the work done in the MDL. *See* Doc. 6-4 (Order Den. Pls.' Mot. to File Third Am. Master Compl.) at 1428.

From the beginning, Plaintiffs' Master Long Form Complaint has defined their alleged injury—permanent chemotherapy induced alopecia—as "an absence of or incomplete hair

---

Designation of Record, Sanofi cites to the attachment number as shown in the docket and the page number of that document as continuously paginated.

regrowth six months beyond the completion of chemotherapy." Doc. 6-4 (Master Long Form Compl.) at 37–38; Doc. 6-4 (First Am. Master Long Form Compl) at 169; Doc. 6-4 (Second Am. Master Long Form Compl.) at 378. In 2019, Plaintiffs in the MDL sought to amend the Master Long Form Complaint to change their definition of the injury to no longer manifest six months after completion of chemotherapy. Doc. 6-4 (Order Den. Pls.' Mot. to File Third Am. Master Compl.) at 1425. The MDL court rejected their efforts, concluding that the redefinition would prejudice Defendants and undo the MDL court's work. *Id.* at 1428 ("If the Court were to allow Plaintiffs to amend at this late stage, this would negate a significant amount of the work that has been done in this MDL.  Defendants would undoubtedly want to revise certain expert reports and conduct supplemental depositions, and certain rulings from the Court would be mooted."). For example, the magistrate judge in the MDL has used the definition in resolving discovery disputes. *Id.* And both Plaintiffs' and Sanofi's general experts have testified under the six-month injury definition. *See id.*

"Presumably, Plaintiffs made an informed decision to define their injury the way they originally did." *Id.* at 1429. This Court should not permit Plaintiffs to do here what the MDL court already rejected.

\* \* \*

Other courts handling cases remanded from the MDL have recognized that "[p]laintiff has already been afforded the opportunity to amend her complaint within the multidistrict litigation and the deadline set by that court to amend the pleadings has long since passed." *See Smith v. Sanofi U.S. Servs. Inc., et al*., No. 23-22013-Civ-Scola (S.D. Fla. Aug. 1, 2023), ECF No. 23 at 1, n. 1 (Scheduling Order and Order of Referral to Mediation); *see also Ali v. Sanofi-aventis U.S. LLC*, No. 3:23-CV-02694-JSC, 2023 WL 6390592, at \*3 n.1 (N.D. Cal. Sept. 29, 2023); *Maxwell*

*v. Sanofi-Aventis*, U.S. LLC, No. 2:23-CV-696-ACA, 2023 WL 7115575, at *2 (N.D. Ala. Oct. 27, 2023).

Plaintiff's Position:

Tina McGarity asserts that Contrary to Defendants' position, all deadlines to amend her Complaint have not passed. Defendants are correct in stating that Plaintiff in the MDL had the opportunity to join additional parties and amend pleadings, but they fail to provide the context of the amendments which Plaintiffs sought.  Specifically, Plaintiffs sought to include additional factual allegations regarding Sanofi's conduct relevant to tolling/timeliness issues and to amend the definitional allegation of PCIA because the original allegation was vague as to when Plaintiffs were aware of such definition and because when a Plaintiff's PCIA developed and/or was discoverable is inherently Plaintiff-specific, necessarily an expert/medical issue, and not tied to a particular arbitrary date. MDL R. Doc. 8334 (Motion for Leave to File Plaintiffs' Third Amended Master Long-Form Complaint).  Plaintiffs' proposed amendment alleged that there is "no single definition" for PCIA, and therefore the amount of time to establish permanent hair loss varies from patient to patient. See Id. The Court denied Plaintiffs' Motion for Leave to File Plaintiffs' Third Amended Master Long-Form Complaint on December 12, 2019. See MDL R. Doc. 8702 (Order & Reasons Denying Pls.' Mot. for Leave to File Pls.' Third Am. Master Long-Form Compl. & Jury Demand).

Currently, the only plaintiff-specific allegations set forth by Ms. McGarity are contained in her individual short form complaint. MDL R. Doc. 1463 (PTO 73). Pretrial Order No. 105 was entered by the Court, as an influx of requests to amend short form complaints ensued following the MDL Court's denial of leave to amend the Master Complaint, in an effort to streamline the filing of amendments for statute of limitations purposes. MDL R. Doc. 10338 (PTO 105). The

Order was expressly titled: "Short Form Complaint Allegations and Amendments – Statute of Limitations Order." Thus, for the purposes of making amendments relevant to the statute of limitations, PTO 105 limited the substance of what Plaintiffs would be granted leave to file to: "factual allegations regarding particularized facts individual and specific to each Plaintiff's medical care and treatment and/or that Plaintiff's communications with medical professionals." Plaintiffs' position is that PTO 105 impermissibly limited the ability of Plaintiffs to allege case specific facts without conducting the necessary analysis of whether to grant leave under Rule 15. Nonetheless, the parties subsequently stipulated that Plaintiffs would "not to seek leave to amend SFCs to add or include any allegations that are inconsistent with PTO 105 or this Court's Orders addressing motions to amend SFCs, including any allegations that have been previously disallowed by the Court." MDL R. Doc. 11347. This was done to avoid the necessity of the Court having to rule on possibly hundreds or thousands of amendments. In exchange for the Plaintiffs' stipulated agreement, the Defendants agreed that if a "Defendant seeks dismissal of any case based on a statute of limitations, it agrees that it will not argue waiver based on any Plaintiff's refraining from amending her SFC to include allegations inconsistent with PTO 105, as described in paragraph 2 hereinabove." Id. Accordingly, there was a proverbial "pin" put on this issue. Despite this express agreement, Defendants now argue to this Court, precisely what they stipulated they would not argue, that Ms. McGarity has waived her right to amend her complaint because the "deadline" to amend in the MDL has passed. That argument falls flat, as there has never been a case-specific deadline in Ms. McGarity's matter for amendments of pleadings.

Furthermore, many short form complaint amendments have been accomplished after the deadline established by PTO 105 for other reasons, i.e., amending named defendants and/or amending causes of action. Thus, it is simply incorrect that all deadlines for amending complaints

have passed. Rather, under Rule 54(b) this Court has vast discretion to reconsider the interlocutory ruling in PTO 105 that limited Plaintiffs' ability to seek leave to amend under Rule 15. Fed. R. Civ. P. 54(b).

The short form complaint employed in the MDL did not enumerate sections where plaintiff-specific facts were appropriate beyond having the plaintiff identify where she lived, where she was treated, the time-period of her use of the drug in question, the time-period her injury occurred and a brief description of her injury. The short form complaint did not ask plaintiff to assert case-specific factual information concerning when she learned the underlying cause of her injury. As such, Ms. McGarity has been unable to plead any additional case specific facts such as when she learned of the connection between her injury and her use of Taxotere yet Sanofi seeks to dismiss her claims as set forth above on statute of limitations grounds based upon the minimal case specific allegations contained in ms. McGarity's short form complaint. Furthermore, when filing her short form complaint, Ms. McGarity was bound to the pleading of those causes of action as set forth in the master. To date, Ms. McGarity has not had an opportunity to amend her complaint to allege specific acts of concealment which hindered her (and her doctors') ability to discover the connection of her injury to Taxotere. As such, plaintiff's requests to be provided until 03/31/2024 to file a motion for leave to amend her complaint.

## 7.    FILING TIMES FOR MOTIONS

Sanofi will likely bring a motion for judgment on the pleadings based on the statute of limitations. In lieu of the default deadline for such a motion per Local Rule 7.1 (30 days from the date discovery opens), Sanofi asks that the Court set a deadline of 50 days from the date discovery opens.

In the event judgment on the pleadings is denied, Sanofi will file an early motion for summary judgment based on the statute of limitations and the learned intermediary doctrine.

**8.     INITIAL DISCLOSURES:**

The parties have agreed to waive initial disclosures. The parties in the MDL stipulated to forgo Rule 26(a)(1) initial disclosures, and general, company-liability discovery has already been completed as part of the MDL proceeding. Given the lengthy litigation history in this case, both parties are well aware of the available sources of evidence.

**9.     REQUEST FOR SCHEDULING CONFERENCE**

[TBD Based on parties' discussions]

**10.    DISCOVERY PERIOD**

> *i. Scope of Discovery*

Through coordinated proceedings in the MDL, the Court has facilitated general expert, corporate, and third-party discovery. *See* Transfer Order, at 116–17 ("Because all general fact and expert discovery has been completed in the MDL, the courts receiving these cases need not be concerned with facilitating general expert, corporate, and third-party discovery."). General MDL discovery directed at Sanofi—which resulted in the production of 43 corporate custodial files comprising more than 500,000 documents (6.3 million pages), the deposition of 28 witnesses (including nine 30(b)(6) depositions)—concluded on December 15, 2018. *See* Transfer Order, at 79–81. While this body of general discovery remains available to plaintiffs for use in cases remanded from MDL 2740, no additional general discovery against Sanofi shall be permitted post-remand. *Id*

Sanofi's position is that extensive general discovery against Sanofi, including punitive damages discovery, was conducted for the benefit of all cases pending in the MDL regardless of

venue pursuant to the General Discovery Order entered in the MDL. Consistent with the purposes of an MDL, general and punitive damages discovery was not limited to issues relevant to Louisiana law. See Ann. Manual Complex Lit. § 22.8 (4th ed.) (MDL courts typically "direct initial discovery toward matters bearing on the defendants' liability to all plaintiffs"). Under the General Discovery Order, the MDL court limited Plaintiffs to 30 depositions of Sanofi witnesses, including current and former employees and corporate representatives. The deadline for general discovery against Sanofi expired on December 15, 2018. Since that time, the MDL court has denied additional general discovery requests against Sanofi.   Plaintiff's position is that general discovery was not taken on the issue of punitive damages, as defendants took the position that such discovery was case/state specific and because *Lexecon* prevented the trial of a case in a jurisdiction that allowed for imposition of punitive damages. The only MDL trials were in Louisiana, where punitive damages are not allowed in this type of case.

To date, minimal case-specific discovery has been conducted in this case. Specifically, limited records collection has occurred. The exchange of Plaintiff and Defendant Fact Sheets, was also undertaken in the MDL. No case-specific fact depositions have been taken.

Before this case will be ready for trial, the parties will need to complete extensive, case-specific discovery, including records collection; Sanofi may conduct written discovery (which was deferred by the MDL court until remand); many fact witness will be deposed; many treating doctors will be deposed; and the parties will need to conduct general and case-specific expert discovery. *See* Transfer Order, at 116–17 (noting that case-specific discovery and dispositive, *Daubert*, and pre-trial motions are to be anticipated on remand).

ii.  *Order of Discovery*

13

Sanofi believes that discovery should unfold in stages. Stage 1 would be limited to the issues underpinning Sanofi's anticipated Motion for Summary Judgment (i.e., the statute of limitations and the learned intermediary doctrine). This would likely be limited to deposition of Plaintiff and her prescribing physician. Stage 2 would relate to all remaining issues. Sanofi believes staged discovery is appropriate because the parties will need relatively little discovery in order to fully brief the issues Sanofi intends to raise on summary judgment. In the event the motion is successful—dozens of motions raising these issues have been granted over the course of this litigation—it would spare the parties the considerable expenses associated with discovery of the remaining issues, particularly expert discovery.

## 11.      DISCOVERY LIMITATION AND ESI

The parties agree that production of electronically stored information should comply with the terms of the MDL Court's ESI Protocol, *see In re Taxotere (Docetaxel) Prod. Liab. Litig.*, No. 2:16-md-02740, Pre-trial Order No. 49, Ex. 1 (E.D. La. July 6, 2017), and Pretrial Order Governing Plaintiffs' Responsibilities Relevant to ESI, *see In re Taxotere (Docetaxel) Prod. Liab. Litig.*, No. 2:16-md-02740, Pre-trial Order No. 71A, Ex. 2 (E.D. La. Jan. 26, 2018).

In the MDL, the Court entered PTO 71 to govern Plaintiff's identification, preservation, collection and production of ESI. *Id.* at 10. PTO 71 outlined the relevant, potential sources of ESI Plaintiffs should search for responsive information; mandated reasonably diligent searches of the ESI Sources; identified search terms each Plaintiff or her attorney would run through available search functions in the ESI Sources; and required each Plaintiff to submit a written disclosure statement to Defendants to be produced with responsive documents. *Id.* In January of 2018, PTO 71 was amended and superseded by PTO 71A, which was identical in substance to PTO 71 but provided Plaintiffs additional time to comply with its requirements. *Id.*

14

**12.      OTHER ORDERS**

What other orders do the parties think the Court should enter under Rule 26(c) or Under Rule 16(b) and (c)?

> *i.  Protective Order*

The parties agree that trial-preparation materials should be protected in accordance with the MDL Court's ESI Protocol, *see In re Taxotere (Docetaxel) Prod. Liab. Litig.*, No. 2:16-md-02740, Pre-trial Order No. 49, Ex. 1 (E.D. La. July 6, 2017), and Protective Order, *see In re Taxotere (Docetaxel) Prod. Liab. Litig.*, No. 2:16-md-02740, Pre-trial Order No. 50, Ex. 3 (E.D. La. July 6, 2017).

> *ii.  Scheduling*

The parties request that the Court set a scheduling order that reflects the fact that this case is one of hundreds being remanded across the country. In light of the burdens represented by these cases, particularly as it pertains to discovery, the parties request that the Court enter a longer-than-usual schedule and set the case for trial in April 2025.

**13.      SETTLEMENT POTENTIAL**

The parties are engaged in ongoing mediation through an MDL court-appointed mediator and believe this is the best method to continue settlement efforts.

**14.      MAGISTRATE JUDGE**

**Sanofi's Position:** Sanofi does not consent to a trial before a magistrate judge.

15

Respectfully submitted this 11th Day of December, 2023,

*/s/ Christopher Gramgling*
Christopher P. Gramling
SHOOK, HARDY, & BACON LLP
2555 Grand Blvd.
Kansas City, Missouri 64108
Phone:816-559-2574
Fax: 816-421-5547
cgramling@shb.com
*Attorneys for sanofi-aventis U.S. LLC and Sanofi US Services Inc., f/k/a Sanofi-Aventis US Inc.*

*/s/ Russell W. Lewis, IV*
Russell W. Lewis, IV
**JOHNSON LAW GROUP**
2925 Richmond Avenue, Suite 1700
Houston, Texas 77098
Telephone: 713.626.9336
rlewis@johnsonlawgroup.com
**Attorneys for Plaintiff**

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**

TINA MCGARITY,

               Plaintiff,

    v.

                             Case No. 3:23-cv-212-TCB

DEFENDANTS SANOFI U.S. SERVICES
INC., AND
SANOFI-AVENTIS U.S. L.L.C.
               Defendants.

**[PROPOSED] SCHEDULING ORDER**

The parties submit the following schedule for the Court's consideration.

| DATE: | EVENT: |
|---|---|
| January 27, 2024 | Deadline for submission of a motion for judgment on the pleadings. |
| March 15, 2024 | Deadline to complete deposition of Plaintiff and prescriber physician. |
| July 12, 2024 | Close of Fact Discovery |
| August 2, 2024 | Deadline for Plaintiff expert witness summaries/reports pursuant to Federal Rule of Civil Procedure 26(a)(2). |
| September 6, 2024 | Deadline for Defendant to Depose Plaintiff's expert(s). |
| October 4, 2024 | Deadline for Defendant expert witness summaries/reports pursuant to Federal Rule of Civil Procedure 26(a)(2). |
| November 1, 2024 | Deadline for Plaintiff to Depose Defendant's expert(s). |
| December, 2024 | Deadline for dispositive motions and *Daubert* motions. |
| January 2025 (8 weeks before calendar call) | Deadline for filing of Pretrial Motions, including motions in limine. |

17

| | |
|---|---|
| February 2025<br><br>(4 weeks before calendar call) | Final Pretrial Hearing. |
| April 2025 | Two-week trial period (calendar call to be held on the Tuesday before trial). |