# EXHIBIT 1

```
 1                    UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF LOUISIANA
 2

 3   ****************************************************************

 4   IN RE:  TAXOTERE
     (DOCETAXEL) PRODUCTS
 5   LIABILITY LITIGATION

 6                                   CIVIL ACTION NO. 16-MD-2740 "N"
                                     NEW ORLEANS, LOUISIANA
 7                                   WEDNESDAY, AUGUST 30, 3017, 9:30 A.M.

 8   THIS DOCUMENT RELATES TO:

 9   ALL CASES

10   ****************************************************************

11
                  TRANSCRIPT OF MOTION HEARING PROCEEDINGS
12             HEARD BEFORE THE HONORABLE KURT D. ENGELHARDT
                       UNITED STATES DISTRICT JUDGE
13

14   APPEARANCES:

15

16   FOR THE PLAINTIFFS:       BARRIOS KINGSDORF & CASTEIX
                               BY:  DAWN M. BARRIOS, ESQ.
17                                  BRUCE S. KINGSDORF, ESQ.
                               701 POYDRAS STREET, SUITE 3650
18                             NEW ORLEANS, LOUISIANA 70139

19

20                             GAINSBURGH BENJAMIN DAVID
                               MEUNIER & WARSHAUER
21                             BY:  M. PALMER LAMBERT, ESQ.
                               1100 POYDRAS STREET, SUITE 2800
22                             NEW ORLEANS, LOUISIANA 70163

23

24                             PENDLEY BAUDIN & COFFIN
                               BY:  CHRISTOPHER L. COFFIN, ESQ.
25                             1515 POYDRAS STREET, SUITE 1400
                               NEW ORLEANS, LOUISIANA 70112
```

*OFFICIAL TRANSCRIPT*

```
09:59:14  1         As a threshold matter, just as the Court in In
09:59:21  2    re: Zofran multi-district litigation, which is Multi-District
09:59:24  3    Case Number 2657, noted when explaining the framework or the
09:59:28  4    context within which to consider allegations of fraud within an
09:59:33  5    MDL, "It is true that this case, like most MDL proceedings,
09:59:37  6    employs the device of a master complaint supplemented by
09:59:40  7    individual short form complaints that adopt the master
09:59:45  8    complaint in whole or in part.
09:59:46  9         "It is also true that a master complaint could
09:59:48 10    not possibly be expected to include every case-specific detail
09:59:53 11    such as a particular misleading statement made by a particular
09:59:56 12    sales representative to the physician of an individual
10:00:00 13    plaintiff."
10:00:01 14         The court further explained that "the complaint
10:00:03 15    in each action in this proceeding consists of the master
10:00:06 16    complaint and the individual short form complaint, taken
10:00:11 17    together."  The Court in this case likewise considers, insofar
10:00:15 18    as pleading is concerned, not only the Master Long Form
10:00:19 19    Complaint, but also the short form complaints that have been
10:00:22 20    and will be filed in this case to flesh out the allegations
10:00:25 21    made with regard to particular plaintiffs.
10:00:27 22         While this Court will not allow a lower pleading
10:00:32 23    standard in the matter generally, purely because of the
10:00:33 24    consolidated nature of these proceedings, it is necessary for
10:00:35 25    the Court to recognize the limitations and restrictions on
```

| | |
|---|---|
| 10:00:40  1 | plaintiffs' counsel in formulating allegations within a Master |
| 10:00:45  2 | Long Form Complaint, as well as the administrative function of |
| 10:00:47  3 | a master complaint. |
| 10:00:49  4 | However, with that being said, specific |
| 10:00:51  5 | allegations, particularly with respect to any allegations of |
| 10:00:54  6 | fraud, should be perfected within the short form complaints |
| 10:00:59  7 | filed in the individual member cases. |
| 10:01:01  8 | However, also at this point in the litigation, |
| 10:01:03  9 | allowing plaintiffs' claims in Count 1 and Counts 3 to 7 to |
| 10:01:10 10 | proceed serves the goals of the MDL.  Just as the Court noted |
| 10:01:12 11 | in the *In re:  Trasylol Product Liability Litigation* -- you can |
| 10:01:22 12 | find that at 2009 Westlaw 577726 -- this Court finds that it is |
| 10:01:28 13 | in the best interest of justice to allow these claims to go |
| 10:01:32 14 | forward, and to more appropriately be addressed when we move to |
| 10:01:38 15 | the summary judgment phase of the case. |
| 10:01:39 16 | Now, with respect to Counts 2 and 8, which allege |
| 10:01:44 17 | strict liability for misrepresentation and breach of an express |
| 10:01:47 18 | warranty respectively, the Court requires additional |
| 10:01:52 19 | information from plaintiffs. |
| 10:01:53 20 | The defendants are correct in stating that the |
| 10:01:55 21 | plaintiffs have not provided any express statement by the |
| 10:01:57 22 | defendants that was either misleading or an express warranty |
| 10:02:01 23 | and relied upon by a plaintiff or a particular group of |
| 10:02:05 24 | plaintiffs. |
| 10:02:06 25 | The Court agrees that plaintiffs cannot state a |

***OFFICIAL TRANSCRIPT***