**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**

TINA MCGARITY,

      Plaintiff,

    v.

SANOFI US SERVICES, INC., et al.,

      Defendants.

CASE NO. 3:23-CV-212-TCB

**<u>DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION FOR JUDGMENT ON THE PLEADINGS</u>**

## **TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................1

BACKGROUND AND PRIOR RULINGS ............................................................2

SUMMARY OF PLEADINGS.............................................................................6

LEGAL STANDARD...........................................................................................8

ARGUMENT .......................................................................................................9

I.  MS. MCGARITY'S CLAIMS ARE TIME-BARRED AS A MATTER
    OF GEORGIA LAW. .................................................................................9

    A.  All of Ms. Mcgarity's claims are subject to Georgia's two-year
        statute of limitations because she seeks to recover for a personal
        injury.................................................................................................10

    B.  Ms. Mcgarity's claims accrued in March 2009 because that is
        when she sustained her injury. .........................................................11

    C.  Georgia's limited discovery rule is inapplicable as a matter of
        law because Ms. Mcgarity has not alleged a "continuing tort." .........13

    D.  Fraudulent concealment tolling does not apply because Ms.
        Mcgarity has not alleged the necessary elements with the
        necessary degree of particularity.......................................................16

II. MS. MCGARITY HAS ALLEGED NO FACTS SUPPORTING HER
    FRAUD-BASED CLAIMS. ..........................................................................19

CONCLUSION ....................................................................................................20

ii

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Ali v. Sanofi-aventis U.S. LLC*,
 No. 3:23-CV-02694-JSC, 2023 WL 6390592
 (N.D. Cal. Sept. 29, 2023) ...............................................................................4, 5

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009)...........................................................................................8, 9

*Bell v. C.B. Fleet Holding Co., Inc.*,
 No. 1:07-CV-84-GET, 2008 WL 11336406
 (N.D. Ga. Aug. 15, 2008) ....................................................................................13

*Broughton v. United States*,
 No. CV408-248, 2010 WL 11534491 (S.D. Ga. Feb. 1, 2010).........................13

*Burch v. Remington Arms Co.*,
 LLC, No. 2:13-CV-00185-RWS, 2014 WL 12543887
 (N.D. Ga. May 6, 2014) ...............................................................................*passim*

*Collett v. Olympus Optical Co.*,
 No. 3:18-CV-66 (CDL), 2018 WL 6517442
 (M.D. Ga. Dec. 11, 2018) ....................................................................................15

*Jones v. Ethicon, Inc.*,
 No. 4:21-CV-23, 2021 WL 1199028 (S.D. Ga. Mar. 30, 2021).........................10

*Losey v. Warden*,
 521 F. App'x 717 (11th Cir. 2013) .......................................................................8

*M.H.D. v. Westminster Sch.*,
 172 F.3d 797 (11th Cir. 1999) ......................................................................13, 14

*Martin v. Peach Cnty., Ga.*,
 No. 5:10-CV-236 MTT, 2011 WL 4830176
 (M.D. Ga. Oct. 12, 2011).....................................................................................15

*Maxwell v. Sanofi-Aventis, U.S. LLC, et al.*,
  No. 2:23-cv-696-ACA, 2023 WL 7115575
  (N.D. Ala. Oct. 27, 2023) ...............................................................................4, 16

*Paramount Cap. Invs., LLC v. TNG Contractors*,
  LLC, No. 1:19-CV-1069-MHC, 2019 WL 13211850
  (N.D. Ga. Aug. 1, 2019) ............................................................................................8

*Rivell v. Priv. Health Care Sys., Inc.*,
  887 F. Supp. 2d 1277 (S.D. Ga. 2012) ...........................................11, 12, 14, 15

*Roma Outdoor Creations, Inc. v. City of Cumming*,
  558 F. Supp. 2d 1283 (N.D. Ga. 2008)...............................................................8

*Staley v. Sexual Offender Registration Review Bd.*,
  No. 22-11813, 2023 WL 1797018 (11th Cir. Feb. 7, 2023)................................9

*In re Taxotere (Docetaxel) Prods. Liab. Litig. (Greer)*,
  2021 WL 230243 (E.D. La. Jan. 22, 2021) .........................................3, 5, 12, 15

*In re Taxotere (Docetaxel) Prods. Liab. Litig. (Hughes)*,
  2021 WL 6201313 (E.D. La. Apr. 28, 2021).......................................................3

*In re Taxotere (Docetaxel) Prods. Liab. Litig. (Johnson)*,
  2019 WL 2995897 (E.D. La. July 9, 2019) ....................................................3, 4

*In re Taxotere (Docetaxel) Prods. Liab. Litig. (Kahn)*,
  2020 WL 1815854 (E.D. La. Apr. 7, 2020)........................................................4

*In re Taxotere (Docetaxel) Prods. Liab. Litig. (Plaisance)*,
  2022 WL 644166 (E.D. La. Feb. 22, 2022)....................................................3, 5

*In re Taxotere (Docetaxel) Prods. Liab. Litig. (Roach)*,
  2021 WL 2042212 (E.D. La. May 21, 2021) .......................................................3

*In re Taxotere (Docetaxel) Prods. Liab. Litig. (Sanford)*,
  2020 WL 4038971 (E.D. La. July 17, 2020) .......................................................3

*In re Taxotere (Docetaxel) Prods. Liab. Litig. (Smith)*,
  2021 WL 3006968 (E.D. La. July 14, 2021) .......................................................3

*In re Taxotere (Docetaxel) Prods. Liab. Litig. (Thibodeaux)*,
    2020 WL 8257755 (E.D. La. Jan. 23, 2020),
    *aff'd*, 995 F.3d 384 (5th Cir. 2021) .........................................................3, 4, 5, 12

*In re Taxotere (Docetaxel) Product Liability Litigation*
    MDL (E.D. La., MDL No. 2740) ...........................................................................1

*Wheeler v. Novartis Pharms. Corp.*,
    944 F. Supp. 2d 1344 (S.D. Ga. 2013) .............................................................10

**State Cases**

*Adams v. Sanofi U.S. Servs. Inc.*,
    2023 WL 4084975 (N.J. Super. Ct. Law Div. June 8, 2023) ....................3, 5, 15

*Allmond v. Young*,
    723 S.E.2d 691 (Ga. App. 2012) ........................................................................18

*Bates v. Metro. Transit Sys., Inc.*,
    197 S.E.2d 781 (Ga. Ct App. 1973)...................................................................18

*Daniel v. Am. Optical Corp.*,
    304 S.E.2d 383 (Ga. 1983) ................................................................................10

*Daniel v. Amicalola Elec. Membership Corp.*,
    711 S.E.2d 709 (Ga. 2011) ................................................................................16

*Everhart v. Rich's, Inc.*,
    229 Ga. 798, 194 S.E.2d 425 (1972) ..........................................................11, 14

*Jankowski v. Taylor, Bishop & Lee*,
    246 Ga. 804 (1980) ............................................................................................11

*King v. Seitzingers, Inc.*,
    287 S.E.2d 252 (Ga. App. 1981) .......................................................................13

*Parker v. Vaughan*,
    183 S.E.2d 605 (1971) .......................................................................................15

*Romedy v. Willett Lincoln-Mercury, Inc.*,
    220 S.E.2d 74 (Ga. App. 1975) .........................................................................17

*Shipman v. Horizon Corp.*,
267 S.E.2d 244 (Ga. 1980) ..................................................................17

*Sweet City Landfill, LLC v. Lyon*,
835 S.E.2d 764 (Ga. App. 2019) .......................................................17

**State Statutes**

O.C.G.A. § 9-3-33...........................................................................10, 11

O.C.G.A. § 9-3-96.................................................................................16

**Other Authorities**

5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and
Procedure* § 1368 (3d ed., April 2023 Update)...................................9

Fed. R. Civ. P. 9(b) ...................................................................2, 19, 20

Fed. R. Civ. P. 12(b)(6)...........................................................................8

Fed. R. Civ. P. 12(c)...........................................................................8, 20

## **INTRODUCTION**

Until recently, Plaintiff Tina Mcgarity's case was one of more than 10,000 cases pending in *In re Taxotere (Docetaxel) Product Liability Litigation* MDL (E.D. La., MDL No. 2740), where each plaintiff alleges permanent hair loss as a result of taking Taxotere (docetaxel), a chemotherapy used to treat breast cancer. Ms. Mcgarity's claims against Defendants sanofi-aventis U.S. LLC and Sanofi US Services Inc. (collectively referred to as "Sanofi") must be dismissed for the same reason courts around the country have dismissed hundreds of analogous cases in this litigation: her claims are untimely.

Plaintiffs, including Ms. Mcgarity, plead that their injury (permanent hair loss caused by Taxotere) became "permanent" when their hair failed to grow back within six months after they completed chemotherapy. Because Ms. Mcgarity alleges that she completed her treatment in September 2008, and the operative complaint defines Ms. Mcgarity's injury as occurring six months after treatment completion, Georgia's two-year statute of limitations started running on Ms. Mcgarity's claims in March 2009. Consequently, the two-year limitations period expired in March 2011, but Ms. Mcgarity did not file the subject lawsuit until October 2017—more than six and a half years too late.

Because Ms. Mcgarity's claims are time-barred on the face of her pleadings, her case can only survive if she has pleaded facts establishing that an exception

applies to render the filing of her lawsuit timely. She cannot. Georgia's limited discovery rule does not apply because Ms. Mcgarity has not alleged a continuing tort. Nor does the doctrine of fraudulent concealment toll the statute. Ms. Mcgarity's allegations do not identify any affirmative conduct by Sanofi that prevented her from discovering her cause of action, and she has not alleged the ordinary diligence that such tolling requires. Ms. Mcgarity's claims are therefore time-barred as a matter of law.

Separately, Ms. Mcgarity's fraud-based claims must be dismissed because her allegations lack the particularity required under Federal Rule of Civil Procedure 9(b). As such, Sanofi is entitled to judgment on all of Ms. Mcgarity's claims.

## <u>BACKGROUND AND PRIOR RULINGS</u>

Sanofi manufactures Taxotere, a chemotherapy that was first approved by the U.S. Food and Drug Administration in 1996 to treat a variety of life-threatening cancers, including breast cancer. Ms. Mcgarity's case is one of several hundred cases that the MDL court recently remanded or transferred back to their home districts.

Over the course of the Taxotere litigation, hundreds of plaintiffs have seen their claims dismissed as untimely under the laws of Alabama, Mississippi, California, New Jersey, and Louisiana. As part of an approved "bellwether" process in the MDL, and a related multi-county litigation in New Jersey, Sanofi and its co-defendants, who manufacture and sell generic Taxotere (docetaxel), were permitted

to move for summary judgment, judgment as a matter of law, or for an order to show cause in 239 cases. Defendants prevailed 237 times.[1] In the only four cases to have proceeded on appeal, the Fifth Circuit affirmed.[2] The trend toward dismissal has

---

[1] *See In re Taxotere (Docetaxel) Prods. Liab. Litig. (Johnson)*, 2019 WL 2995897, at *3–4 (E.D. La. July 9, 2019) (granting Sanofi's motion as to plaintiffs Francis and Johnson under Louisiana's statute-of-limitations equivalent); *In re Taxotere (Docetaxel) Prods. Liab. Litig. (Thibodeaux)*, 2020 WL 8257755, at *1 (E.D. La. Jan. 23, 2020), *aff'd*, 995 F.3d 384 (5th Cir. 2021) (granting Sanofi's motion under Louisiana law); *In re Taxotere (Docetaxel) Prods. Liab. Litig. (Sanford)*, 2020 WL 4038971, at *1 (E.D. La. July 17, 2020) (granting Hospira's motion under Louisiana law); *In re Taxotere (Docetaxel) Prods. Liab. Litig. (Durden)*, 2020 WL 4228375, at *1 (E.D. La. July 23, 2020), *aff'd*, 860 F. App'x 886 (5th Cir. 2021) (granting Sanofi's motion under Louisiana law); *In re Taxotere (Docetaxel) Prods. Liab. Litig. (Greer)*, 2021 WL 230243, at *1 (E.D. La. Jan. 22, 2021) (granting Sanofi's motion for judgment on the pleadings under Mississippi law); *In re Taxotere (Docetaxel) Prods. Liab. Litig. (Hughes)*, 2021 WL 6201313, at *1 (E.D. La. Apr. 28, 2021) (granting Accord's motion under Louisiana law); *In re Taxotere (Docetaxel) Prods. Liab. Litig. (Roach)*, 2021 WL 2042212, at *1 (E.D. La. May 21, 2021) (granting Sanofi's motion under Mississippi law); *In re Taxotere (Docetaxel) Prods. Liab. Litig. (Smith)*, 2021 WL 3006968, at *1 (E.D. La. July 14, 2021) (granting Sanofi's motion under Mississippi law); *In re Taxotere (Docetaxel) Prods. Liab. Litig. (Plaisance)*, 2022 WL 644166, at *1 (E.D. La. Feb. 22, 2022) (granting Hospira's motion under Louisiana law); Doc. 7, Transfer Order, at 98 of 126 (noting that "the Court dismissed the claims of 223 Mississippi Plaintiffs under the statute of limitations" for the reasons articulated in *Greer*); *Adams v. Sanofi U.S. Servs. Inc.*, 2023 WL 4084975 (N.J. Super. Ct. Law Div. June 8, 2023) (granting Sanofi's motion against the plaintiff and attaching memorandum and opinion dismissing claims of four "bellwether" plaintiffs—Adams, King, Linton, and Massey—under New Jersey two-year statute).

[2] *See In re Taxotere (Docetaxel) Prods. Liab. Litig. ("Thibodeaux")*, 995 F.3d 384 (5th Cir. 2021) (affirming dismissal of Ms. Francis's, Ms. Johnson's, and Ms. Thibodeaux's claims as time-barred on the face of the pleading and holding neither discovery rule nor fraudulent concealment exception saved their claims); *In re*

only continued now that cases are being transferred and remanded to their home districts.[3]

In all of these cases, plaintiffs' claims were held to be time-barred on the face of the pleadings.[4] Under the Master Complaint, all plaintiffs pleaded that their injury occurred six months after the end of treatment. Accordingly, plaintiffs' claims were facially untimely because they failed to bring their claims within six months after completing chemotherapy plus the relevant limitations period. The Fifth Circuit has twice affirmed this reasoning.[5]

Because each case was facially time-barred, plaintiffs needed to show an exception tolled the statute. To date, no plaintiff has successfully argued that an equitable tolling principle, such as fraudulent concealment, applied, because no

---

*Taxotere (Docetaxel) Prods. Liab. Litig. ("Durden")*, 860 F. App'x 886, 891–92 (5th Cir. 2021) (same regarding Ms. Durden's claims).

[3]    *Maxwell v. Sanofi-Aventis*, U.S. LLC, et al., No. 2:23-cv-696-ACA, 2023 WL 7115575 (N.D. Ala. Oct. 27, 2023) (granting judgment on the pleadings based on Alabama law); *Ali v. Sanofi-aventis U.S. LLC*, No. 3:23-CV-02694-JSC, 2023 WL 6390592 (N.D. Cal. Sept. 29, 2023) (granting summary judgment under California law).

[4]    This includes *Earnest* and *Kahn,* the only cases the MDL court ruled for the plaintiffs on a motion invoking the statute of limitations.  *See, e.g., Johnson*, 2019 WL 2995897 at *2–3 ("[E]ach Plaintiff's complaint [including Ms. Earnest's] is prescribed on its face"); *In re Taxotere (Docetaxel) Prods. Liab. Litig. (Kahn)*, 2020 WL 1815854, at *3 (E.D. La. Apr. 7, 2020) ("This Court agrees with Defendants that Plaintiff's case is prescribed on the face of the pleadings.").

[5]    *See Thibodeaux*, 995 F.3d at 390; *Durden*, 860 F. App'x at 891.

plaintiff alleged (or could allege) that Sanofi did some extraordinary act to conceal plaintiff's claims from her. Instead, just like Ms. Mcgarity, each plaintiff alleged only run-of-the-mill failure-to-warn allegations—i.e., that the defendant concealed the dangers of the product from plaintiffs and the medical community—that are insufficient to invoke the fraudulent concealment exception.[6] Were it otherwise, the statute would be tolled in every case bringing a generic failure-to-warn claim.

Similarly, plaintiffs have also repeatedly lost the argument that a state's discovery rule applied and tolled the statute.[7] The MDL court's decision in *Greer* is instructive. Similar to Georgia's exception for continuing torts, Mississippi's discovery rule applies only to latent, unseen injuries. The plaintiff in *Greer*, however, alleged that her hair loss was so obvious as to be stigmatizing, so the discovery rule could not apply, and the court granted Sanofi's motion for judgment on the pleadings.[8]

Sanofi's motion for judgment on the pleadings is appropriate for all of the same reasons. Ms. Mcgarity's claims are facially time-barred, and as explained

---

[6] *See, e.g.*, *Plaisance*, 2022 WL 644166, at *5 (Louisiana law); *Greer*, 2021 WL 230243, at *4 (Mississippi law); *Adams*, 2023 WL 4084975, at *12 (New Jersey law).

[7] *Thibodeaux*, 995 F.3d at 391–93 (Louisiana law); *Greer*, 2021 WL 230243, at *2–4 (Mississippi law); *Adams*, 2023 WL 4084975, at *8 (New Jersey law); *Ali*, 2023 WL 6390592, at *4–5 (California law).

[8] *Greer*, 2021 WL 230243, at *3–4.

5

further below, neither Georgia's discovery rule nor the doctrine of fraudulent concealment apply as a matter of law.

## SUMMARY OF PLEADINGS[9]

The pleadings in transferred MDL cases consist of the Master Complaint, which includes allegations common to all plaintiffs in the MDL, as well as the plaintiff's Short Form Complaint ("SFC"). The SFC incorporates the Master Complaint by reference and includes certain individualized allegations, such as the dates of the plaintiff's treatment and any additional facts and state-specific claims that the plaintiff wishes to advance.[10] Ms. Mcgarity filed her SFC in the MDL on October 23, 2017.[11] In it, she claims that she received Taxotere treatments from August 2008 to September 2008 and that following these treatments she suffered

---

[9]  The Joint Designation of Record accompanying this case's transfer is filed in the docket at Doc. 6. An index of the documents is provided in Doc. 6 itself, while the record documents are split across multiple exhibits. For instance, Doc. 6-1 (Ex. A) includes the MDL Court's transfer orders, while Doc. 6-4 (Ex. D) includes the pleadings and related filings. For the convenience of the Court, Sanofi provides pin citations to both to the exhibit as a continuously paginated whole and to the individual document, the latter citation appearing in brackets.

[10]  *See* Doc. 7, Transfer Order, at 74–75; Doc. 1 (Mcgarity's SFC) (incorporating by reference the Master Complaint's allegations); Doc. 7, Transfer Order, at 74–75 ("The Second Amended Master Complaint remains the operative pleading."). Although Ms. Mcgarity's SFC says "Amended," this is her original Short Form Complaint.

[11]  *See* Doc. 1 (SFC) at 1.

permanent alopecia.[12] By way of the Master Complaint, she also alleges that the alopecia is so apparent that it has stigmatized her and her fellow plaintiffs and negatively affected their body image, social relationships, and emotional well-being.[13]

The SFC also permits plaintiffs to select which of eight common causes of action they wished to bring and provides a space for them to allege other theories and the facts necessary to support them. Ms. Mcgarity selected Strict Products Liability—Failure to Warn (Count I), Negligence (Count III), Negligent Misrepresentation (Count IV), Fraudulent Misrepresentation (Count V), Fraudulent Concealment (Count VI), and Fraud and Deceit (Count VII).  In the space for additional theories, she added a claim for "Extreme and Outrageous Conduct/Intentional Infliction of Emotional Distress."[14] Ms. Mcgarity alleges no other facts or claims specific to her.

All of this, Ms. Mcgarity alleges, was the result of Sanofi's failure to warn her that Taxotere causes permanent, chemotherapy induced alopecia, which the Master Complaint defines as "an absence of or incomplete hair regrowth six months beyond

---

[12]  Doc. 1 (SFC) ¶¶ 10, 12.

[13]  Doc. 6-4 (Ex. D) at 344, 386–87 [Second Amended Master Long Form Complaint, ¶¶6, 214–20].

[14]  Doc. 1 (SFC) ¶ 13.

the completion of chemotherapy."[15] Ms. Mcgarity alleges that publicly available information began to link Taxotere with permanent hair loss as early as 2006.[16] Further, starting in 2010, stories to that effect began appearing in the popular press.[17] Additional publicly available studies echoed these claims.[18]

## <u>LEGAL STANDARD</u>

The court analyzes a motion for judgment on the pleadings under Rule 12(c) the same way it does a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Paramount Cap. Invs., LLC v. TNG Contractors*, LLC, No. 1:19-CV-1069-MHC, 2019 WL 13211850, at *1 (N.D. Ga. Aug. 1, 2019); *Roma Outdoor Creations, Inc. v. City of Cumming*, 558 F. Supp. 2d 1283, 1284 (N.D. Ga. 2008). To survive a motion for judgment on the pleadings, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that it plausible on its face." *Losey v. Warden*, 521 F. App'x 717, 719 (11th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). To be plausible on its face, the claim

---

[15]  Doc. 6-4 (Ex. D) at 344, 377–78 [Second Amended Master Long Form Complaint, ¶¶ 7, 181].

[16]  Doc. 6-4 (Ex. D) at 370 [Second Amended Master Long Form Complaint, ¶ 150].

[17]  Doc. 6-4 (Ex. D) at 371–72 [Second Amended Master Long Form Complaint, ¶¶ 153–157].

[18]  Doc. 6-4 (Ex. D) at 372–74 [Second Amended Master Long Form Complaint, ¶¶ 157–162].

must contain enough facts that "allo[w] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id*.

If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claim must be dismissed. *Id.* at 678–80. In the case of affirmative defenses, such untimeliness under a statute of limitations, judgment on the pleadings should be granted where the affirmative defense is apparent of the face of the complaint such that no question of fact exists. *See* 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1368 (3d ed., April 2023 Update); *Staley v. Sexual Offender Registration Review Bd.*, No. 22-11813, 2023 WL 1797018 (11th Cir. Feb. 7, 2023) (affirming judgment on the pleadings in favor of the defendant based upon statute of limitations).

## **ARGUMENT**

## I.   **MS. MCGARITY'S CLAIMS ARE TIME-BARRED AS A MATTER OF GEORGIA LAW.**

Ms. Mcgarity's claims are time-barred on their face. Georgia's two-year statute of limitations applies to all of her claims, and the pleadings show that her claims accrued in March 2009 when her hair failed to regrow within six months after completing chemotherapy. Georgia's limited discovery rule cannot operate to delay

9

that accrual because Ms. Mcgarity has not alleged a continuing tort. The fraudulent concealment doctrine also does not apply because Ms. Mcgarity has not alleged any facts showing that tolling is warranted. Because Ms. Mcgarity waited until October 2017 to bring her claims, they are untimely as a matter of law on the face of the pleadings and must be dismissed.

A.   **All of Ms. Mcgarity's claims are subject to Georgia's two-year statute of limitations because she seeks to recover for a personal injury.**

All of Ms. Mcgarity's claims are subject to a two-year statute-of-limitations. Under Georgia law, "[a]ctions for injuries to the person shall be brought within two years after the right of action accrues." O.C.G.A. § 9-3-33. "[T]he scope of application of this statute of limitations is determined by the nature of the injury sustained rather than the legal theory underlying the claim for relief." *Daniel v. Am. Optical Corp.*, 304 S.E.2d 383, 385 (Ga. 1983). Here, Ms. Mcgarity seeks to recover for damages arising from permanent hair loss, which is a personal injury, so the two-year statute of limitations applies to all of Ms. Mcgarity's claims. *See Wheeler v. Novartis Pharms. Corp.*, 944 F. Supp. 2d 1344, 1351 (S.D. Ga. 2013) (applying § 9-3-33 to product claims brought under various theories because the plaintiff sought to recover damages for a physical injury); *Jones v. Ethicon, Inc.*, No. 4:21-CV-23, 2021 WL 1199028, at *4 (S.D. Ga. Mar. 30, 2021) (same).

**B.      Ms. Mcgarity's claims accrued in March 2009 because that is when she sustained her injury.**

Ms. Mcgarity's claims accrued in March 2009 when she sustained her injury. For the purposes of the statute of limitations in O.C.G.A. § 9-3-33, Georgia courts apply "the now well-established rule that 'on a tort claim for personal injury the statute of limitation generally begins to run at the time damage caused by a tortious act occurs, at which time the tort is complete." *Rivell v. Priv. Health Care Sys., Inc.*, 887 F. Supp. 2d 1277, 1284–85 (S.D. Ga. 2012) (quoting *Everhart v. Rich's, Inc.,* 229 Ga. 798, 801, 194 S.E.2d 425 (1972)). Moreover, "[m]ere ignorance of the existence of the facts constituting a cause of action does not prevent the running of the statute of limitations." *Rivell*, 887 F. Supp. at 1285. The test requires a court "to ascertain the time when the plaintiff could first have maintained his action to a successful result." *Id.* (quoting *Jankowski v. Taylor, Bishop & Lee,* 246 Ga. 804, 806 (1980)).

Ms. Mcgarity alleges that, although "[c]hemotherapy is known to cause temporary and reversible hair loss," Taxotere caused her to sustain permanent, chemotherapy induced alopecia, which she defines as "an absence of or incomplete hair regrowth six months beyond the completion of chemotherapy."[19] Given this

---

[19]   Doc. 6-4 (Ex. D) at 376, 377–78 [Second Amended Master Long Form Complaint, ¶¶ 174, 181].

definition, the pleadings show that Ms. Mcgarity sustained her alleged injury in March 2009 when her hair loss became "permanent" (i.e., when it failed to fully regrow six months after she completed chemotherapy). Because she could have brought her claims against Sanofi at that point, based on her own allegations, that is when they "accrued" and the clock began to run on the statute of limitations.

This is not a novel conclusion. As explained above, every court to consider the issue over the course of this litigation has concluded that, based on the pleadings, the plaintiff sustained her injury six months after the completion of chemotherapy. The Fifth Circuit's decision in *Thibodeaux* is particularly instructive due to the similarity of the applicable law. Like in Georgia, where the general rule holds that a claim accrues "at the time damage caused by a tortious act occurs," *Rivell*, 887 F. Supp. at 1284–85, Louisiana's "prescription period" for product-liability claims generally "commences to run from the day injury or damage is sustained." *See Thibodeaux*, 995 F.3d at 388. Applying Louisiana's rule, the Fifth Circuit held that "[a]s a matter of law, the injury of 'an absence of or incomplete hair regrowth six months beyond the completion of chemotherapy' is sustained when, six months after the completion of chemotherapy, a person has an absence of or incomplete hair regrowth." *Id.* at 390; *see also Greer*, 2021 WL 230243, at *2 (holding under Mississippi law that, unless the plaintiff showed some exception applied, the statute of limitations began to run six months after she completed chemotherapy because

12

that was "the day that the injury or damage [was] sustained"). Georgia law compels the same conclusion. On the face of her pleadings, Ms. Mcgarity's claims accrued in March 2009, six months after she completed chemotherapy, and expired two years later in March 2011, more than six and a half years before she filed the subject Complaint on October 23, 2017.

### C.     Georgia's limited discovery rule is inapplicable as a matter of law because Ms. Mcgarity has not alleged a "continuing tort."

Ms. Mcgarity's claims are not saved by Georgia's limited discovery rule. This rule provides that "a cause of action should not accrue until a tort plaintiff knows or with reasonable diligence should know who caused his injury." *King v. Seitzingers, Inc.*, 287 S.E.2d 252, 254 (Ga. App. 1981). Georgia's discovery rule only applies to "continuing torts." *M.H.D. v. Westminster Sch.*, 172 F.3d 797, 804–05 (11th Cir. 1999). And whether a claim qualifies as a continuing tort is a threshold question of law that is appropriately decided at the pleading stage. *See, e.g.*, *Broughton v. United States*, No. CV408-248, 2010 WL 11534491, at *1–2 (S.D. Ga. Feb. 1, 2010) (dismissing slip-and-fall claim on 12(b)(6) motion because the claim was facially time barred and did not qualify for tolling under the discovery rule because a slip-and-fall claim is not a continuing tort); *Bell v. C.B. Fleet Holding Co., Inc.*, No. 1:07-CV-84-GET, 2008 WL 11336406, at *2–3 (N.D. Ga. Aug. 15, 2008) (holding that the discovery rule did not apply because plaintiff did "not allege that her injury in the present case is a continuing tort because she immediately became ill soon after

13

using defendant's product and did not suffer any continued exposure to the product"); *Burch v. Remington Arms Co.*, LLC, No. 2:13-CV-00185-RWS, 2014 WL 12543887, at *3 (N.D. Ga. May 6, 2014) (holding on motion to dismiss that plaintiff, who was wounded due to a gun's faulty firing mechanism, had not alleged a continuing tort so the discovery rule did not apply).

Ms. Mcgarity has not alleged a continuing tort. "Georgia courts apply the continuing tort doctrine and attendant discovery rule only in very narrow circumstances." *Rivell*, 887 F. Supp. at 1286. The rule is limited to "cases where the plaintiff's injury developed slowly from, and was not obviously traceable to, prolonged exposure to a defendant's tortious conduct." *Id.*; *see also M.H.D*, 172 F.3d at 804–05 ("[I]in Georgia the discovery rule only applies to cases involving 'continuing torts,' where the plaintiff's injury developed from prolonged exposure to the defendant's tortious conduct."). Ms. Mcgarity's alleged injury bears none of those characteristics.

Ms. Mcgarity does not allege that her injury developed slowly. On the contrary, she alleges that she sustained her injury at a particular point in time—namely, March 2019, when her hair failed to fully regrow within six months of her completion of chemotherapy. Nor does Ms. Mcgarity allege that she was subject to "prolonged exposure" to the hazard that caused her injury. Ms. Mcgarity was not exposed to some latent environmental contaminant. *See Everhart v. Rich's, Inc.*, 194

S.E.2d 425 (Ga. 1972) (airborne particles from fiberglass draperies). Nor was a foreign contaminant negligently introduced into her body during a surgical procedure. *Parker v. Vaughan*, 183 S.E.2d 605 (1971) (medical clamp); *Collett v. Olympus Optical Co.*, No. 3:18-CV-66 (CDL), 2018 WL 6517442, at *4 (M.D. Ga. Dec. 11, 2018) (human immunodeficiency virus). Rather, Ms. Mcgarity's doctors intentionally administered chemotherapy at intervals to treat her breast cancer. By the time she sustained her alleged injury, her exposure to the "hazard" had necessarily ceased. *See Martin v. Peach Cnty., Ga.*, No. 5:10-CV-236 MTT, 2011 WL 4830176, at *16 (M.D. Ga. Oct. 12, 2011) ("The continuing tort doctrine applies in cases where there exists persistent wrongful conduct, not mere persistent injury resulting from an earlier wrong.").

Finally, Ms. Mcgarity does not allege mysterious symptoms "not obviously traceable" to Sanofi's "tortious conduct." *Rivell*, 887 F. Supp. at 1286. "This case does not involve an unknown relationship between a pharmaceutical product and an injury." *See Adams*, 2023 WL 4084975, at *9. Moreover, she cannot claim ignorance of her injury, because she alleges that her hair loss caused her to feel stigmatized and negatively impacted her social relationships. *See Burch*, 2014 WL 12543887, at *3 (holding that the continuing doctrine did not apply because the alleged injury was "neither concealed nor developed over time"); *cf. Greer*, 2021 WL 230243, at *3 (holding that the same allegations precluded application of Mississippi's limited

15

discovery rule for latent injuries); *Maxwell*, 2023 WL 7115575, at *3–4 (reaching same conclusion under Alabama law).

In short, the injury Ms. Mcgarity claims—permanent, chemotherapy induced hair loss—is an obvious, fast-developing injury caused by limited, intentional exposure to a chemotherapy drug known to cause hair loss. This is not the stuff of a continuing tort as Georgia law defines it. The discovery rule is inapplicable as a matter of law.

### D. Fraudulent concealment tolling does not apply because Ms. Mcgarity has not alleged the necessary elements with the necessary degree of particularity.

Under the fraudulent concealment doctrine, the statute of limitations is tolled when "the plaintiff has been debarred or deterred from bringing an action." O.C.G.A. § 9-3-96. In that regard, a plaintiff must plead and prove: "(1) the defendant committed actual fraud; (2) the fraud concealed the cause of action from the plaintiff; and (3) the plaintiff exercised reasonable diligence to discover his cause of action despite his failure to do so within the statute of limitation." *Burch*, 2014 WL 12543887, at *3 (N.D. Ga. May 6, 2014) (quoting *Daniel v. Amicalola Elec. Membership Corp.*, 711 S.E.2d 709, 716 (Ga. 2011)). Ms. Mcgarity has not alleged the facts necessary to establish these elements.

As an initial matter, Ms. Mcgarity has not adequately pleaded her fraud claims such that the fraudulent concealment doctrine could apply. To prove fraud in

Georgia, the following five elements must be established: "(1) false representation made by the defendant; (2) scienter; (3) an intention to induce the plaintiff to act or refrain from acting in reliance by the plaintiff; (4) justifiable reliance by the plaintiff; (5) damage to the plaintiff." *Sweet City Landfill, LLC v. Lyon*, 835 S.E.2d 764, 772 (Ga. App. 2019) (quoting *Remedy v. Willett Lincoln-Mercury, Inc.*, 220 S.E.2d 74, 75 (Ga. App. 1975)). And a plaintiff must allege these facts with particularity for the fraudulent concealment doctrine to save an otherwise untimely complaint. *Id.* Nowhere in her pleadings does Ms. Mcgarity identify a false representation on which she justifiably relied when deciding whether to treat her cancer with Taxotere.

Moreover, it is not enough that she claims Sanofi knew Taxotere caused permanent alopecia but failed to properly disclose that risk. Where, as here, "the gravamen of a [the plaintiff's] claim is not fraud but products liability . . . there must have been a separate fraudulent act of moral turpitude that concealed the cause of action from [the plaintiff] in order to toll the statute of limitations." *See Burch*, 2014 WL 12543887, at *3–4 (citing *Shipman v. Horizon Corp.*, 267 S.E.2d 244 (Ga. 1980)). Here, the gravamen of Ms. Mcgarity's claims is products liability, but her pleadings contain only run of the mill failure-to-warn claims. She alleges no separate affirmative act of deception that deterred her from filing her claims within the statutory period. Ms. Mcgarity's allegations are therefore insufficient as a matter of law to trigger any tolling under the fraudulent concealment doctrine.

17

Furthermore, even if Ms. Mcgarity had adequately pleaded actual fraud, tolling still would not apply for the independent reason that she has not alleged that she exercised reasonable diligence. Georgia law requires some sort of effort to discover a cause of action. *Burch*, 2014 WL 12543887, at *4. "In the absence of a fiduciary relation, even fraud will not prevent a suit from being barred, where the plaintiff has failed to exercise reasonable diligence to detect such fraud." *Id.* (quoting *Bates v. Metro. Transit Sys., Inc.*, 197 S.E.2d 781, 782 (Ga. Ct App. 1973)). Even when there is a fiduciary relationship, "mere silence or a failure to disclose" will not toll the statute of limitation for fraud where "the information was open and available." *Allmond v. Young*, 723 S.E.2d 691, 693 (Ga. App. 2012). Here, Ms. Mcgarity has not alleged that she undertook any inquiry whatsoever into the cause of her hair loss, nor has she alleged any fiduciary relationship with Sanofi. Moreover, even if she had alleged a fiduciary relationship and the required diligence, it would not matter because her own pleadings allege that there was publicly available information linking Taxotere to permanent hair loss. *See Maxwell*, 2023 WL 7115575, at *4 (holding that the same allegations precluded the finding of reasonable diligence that was required under Alabama's similar equitable-tolling law). Accordingly, because Ms. Mcgarity's "allegations fail to establish both actual fraud concealing [her] cause of action and the exercise of reasonable diligence to discover that cause of action," the fraudulent concealment doctrine does not apply. *See Burch*,

18

2014 WL 12543887, at *4. As a result, her claims are time-barred on their face and must be dismissed.

## II.   MS. MCGARITY HAS ALLEGED NO FACTS SUPPORTING HER FRAUD-BASED CLAIMS.

Finally, Ms. Mcgarity's fraud claims—negligent misrepresentation, fraudulent misrepresentation, fraudulent concealment, and fraud and deceit—must be dismissed for the independent reason that they are insufficiently pleaded.[20] To state a claim for fraud, Federal Rule of Civil Procedure 9(b) requires a party to "state with particularity the circumstances constituting fraud." As explained above, Ms. Mcgarity has not alleged the elements of her fraud claims with the required specificity.

When Sanofi and its codefendants moved to dismiss plaintiffs' fraud claims for exactly this reason in the MDL, the MDL court recognized the "limitations" associated with formulating fraud-based allegations within a Master Long Form Complaint.[21]  And although the MDL court did not dismiss the fraud-based counts from the MDL entirely at that time, it specifically ruled in 2017 that any allegations of fraud must be "perfected within the short form complaints filed in the individual

---

[20]   *See* Doc. 1 (SFC) ¶ 13.

[21]   *See* **Ex. 1,** Hr'g Tr., at 22:22–23:7 (Aug. 30, 2017) (Englehardt. J., presiding).

member cases."[22] Ms. Mcgarity, however, has not pleaded *any* facts in her SFC supporting her fraud-based claims, and the time for amending her SFC has passed.[23] All of Ms. Mcgarity's fraud-based claims accordingly must be dismissed under Rules 12(c) and 9(b) consistent with the MDL court's prior rulings.

## **CONCLUSION**

For the reasons stated above, Sanofi's Motion for Judgment on the Pleadings should be granted in full, and all of Ms. Mcgarity's claims should be dismissed with prejudice.


Respectfully submitted this 24th day of January, 2024.

> */s/ Christopher P. Gramling*
> Christopher P. Gramling, pro hac vice
> SHOOK, HARDY & BACON L.L.P.
> 2555 Grand Blvd.
> Kansas City, Missouri 64108
> Phone: (816) 474-6550
> Fax: 816-421-5547
> cgramling@shb.com

---

[22] *Id.* at 23:4–7.

[23] *See* Doc. 1 (SFC); Doc. 7, Transfer Order, at 75–76 ("All deadlines for Plaintiffs to amend their individual complaints without leave of court have passed.").

Jason S. Allard, Georgia Bar No. 660305
Joshua L. Becker, Georgia Bar No. 046046
SHOOK, HARDY & BACON L.L.P.
 1230 Peachtree Street, NE Suite 1200
Atlanta, Georgia 30309
jallard@shb.com
jbecker@shb.com
(t) (470) 867-6000
(f) (470) 867-6001

*Attorneys for sanofi-aventis U.S. LLC and Sanofi US Services Inc., f/k/a Sanofi-Aventis US Inc.*

21

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| TINA MCGARITY, | |
| Plaintiff, | |
| v. | CASE NO. 3:23-CV-212-TCB |
| SANOFI US SERVICES, INC., et al., | |
| Defendants. | |

## CERTIFICATE OF SERVICE AND
## LOCAL RULE 7.1(D) CERTIFICATION

I hereby certify that on January 24, 2024, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will send notification of such filing and effectuate service to all counsel of record in this matter, pursuant to Local Rule 5.1.

I further certify that this brief has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(C).

*/s/ Christopher P. Gramling*
Christopher P. Gramling, pro hac vice